**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 22-81457-CIV-CANNON**

**SECURITIES AND**
**EXCHANGE COMMISSION**,

     Plaintiff,

v.

**MANHATTAN TRANSFER**
**REGISTRAR COMPANY** and
**JOHN C. AHEARN**,

     Defendants.

_____/

**FINAL JUDGMENT AS TO DEFENDANT JOHN C. AHEARN**

    **THIS CAUSE** comes before the Court upon the Unopposed Motion for Entry of Final Judgment Against Defendants [ECF No. 3], filed by the Securities and Exchange Commission (the "Commission") on September 21, 2022.  Following Plaintiff's Complaint, Defendant John C. Ahearn ("Defendant") entered a general appearance; consented to the Court's jurisdiction over Defendant and over the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein Paragraph 12); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment [ECF No. 3-2].  Following a full review of the record, it is hereby

    **ORDERED AND ADJUDGED** as follows:

1.   Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 17A(c)(4)(C) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78q-1(c)(4)(C)], by willfully associating with any transfer agent without the consent of the Commission and the appropriate regulatory agency for that transfer agent.

CASE NO. 22-81457-CIV-CANNON

2. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

3. Defendant hereby is commanded, pursuant to Section 21(e) of the Exchange Act [15 U.S.C. § 78u(e)], to comply with the order issued by the Commission pursuant to Section 17A of the Exchange Act in *In the Matter of Manhattan Transfer Registrar Company and John C. Ahearn*, SEC A.P. File No. 3-18491, on May 17, 2018, barring him from association with any transfer agent, broker, dealer, investment adviser, municipal securities dealer, municipal advisor, or nationally recognized statistical rating organization with the right to apply for reentry after five years to the appropriate self-regulatory organization, or if there is none, to the Commission.

4. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

5. Defendant shall pay a civil penalty in the amount of $25,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

6. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made

CASE NO. 22-81457-CIV-CANNON

directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to **Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, Oklahoma 73169**, and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John C. Ahearn as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

7.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

8.  The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 calendar days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. Defendant shall pay post judgment interest on any amounts due after 30 calendar days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

9.  Defendant shall pay the total civil penalty due of $25,000 in four (4) installments to the Commission according to the following schedule: (1) $6,250 within 10 calendar days of entry of this Final Judgment; (2) $6,250 within 120 calendar days of entry of this Final Judgment; (3) $6,250 within 240 calendar days of entry of this Final Judgment; and

(4) $6,250 within 360 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 calendar days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

10. If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth in the paragraph above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

11. Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

12. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

13. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

CASE NO. 22-81457-CIV-CANNON

14. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is instructed to enter this Final Judgment forthwith and without further notice.

15. The Clerk of Court is instructed to **CLOSE** this case.

16. All pending motions, if any, are **DENIED AS MOOT**.

   **DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 26th day of October 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record