UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-81457-CIV-CANNON

SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

MANHATTAN TRANSFER
REGISTRAR COMPANY and
JOHN C. AHEARN,

    Defendants.
_____/

## FINAL JUDGMENT AS TO DEFENDANT
## MANHATTAN TRANSFER REGISTRAR COMPANY

**THIS CAUSE** comes before the Court upon Securities and Exchange Commission's (the "Commission") Unopposed Motion for Entry of Final Judgment Against Defendants [ECF No. 3], filed on September 21, 2022. Following Plaintiff's Complaint, Defendant Manhattan Transfer Registrar Company ("Defendant") entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment [ECF No. 3-1]. Upon full review of the record, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 17A(c)(4)(C) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78q-1(c)(4)(C)], by permitting a person as to whom an order suspending or barring him

2. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

3. Defendant is liable for disgorgement of $1,075, representing net profits gained as a result of the conduct alleged in the Complaint [ECF No. 1], together with prejudgment interest thereon in the amount of $200.02. The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. The Court further imposes a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy these obligations by paying $76,275.02 pursuant to the terms of the payment schedule set forth in Paragraph 8 below after entry of this Order.

4. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to **Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, Oklahoma 73169**, and shall be accompanied by a letter identifying the case title, civil

or her from being associated with a transfer agent is in effect and without the consent of the Commission to become, or remain, a person associated with Defendant.

action number, and name of this Court; Manhattan Transfer Registrar Company as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

5. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

6. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.

7. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

8. Defendant shall pay the total of disgorgement, prejudgment interest, and penalty due of $76,275.02 in four (4) installments to the Commission according to the following schedule: (1) $26,275.02 within 10 calendar days of entry of this Final Judgment; (2) $15,000 within 120 calendar days of entry of this Final Judgment; (3) $15,000 within 240 calendar days of entry of this Final Judgment; and (4) $20,000 within 360 calendar days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which

CASE NO. 22-81457-CIV-CANNON

accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 calendar days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

9. If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth in the paragraph above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

10. Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

11. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

12. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is instructed to enter this Final Judgment forthwith and without further notice.

13. The Clerk of Court is instructed to **CLOSE** this case.

14. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 26th day of October 2022.

*[signature]*

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record